IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BURT A. SMITH<br>Institutional ID No. 25379-380,<br><br>Plaintiff,<br>v.<br><br>ROLLING PLAINS DETENTION<br>CENTER, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:20-CV-00182-H-BU |

## ORDER DENYING MOTION TO APPOINT COUNSEL

Plaintiff, Burt A. Smith, is currently a federal inmate at FCI Greenville, but filed this civil rights complaint under 42 U.S.C. § 1983 complaining of events alleged to have occurred during his incarceration at the Rolling Plains Detention Center.  Dkt. No. 1.  The Court previously granted Smith leave to proceed *in forma pauperis*, which subjects Smith's complaint to the Court's preliminary screening measures pursuant 28 U.S.C. § 1915(e)(2).

Before the Court is Smith's Motion to Appoint Counsel filed on November 11, 2020.  Dkt. No. 12.

"A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994).  Although 28 U.S.C. § 1915(e)(1) provides that a court may request an attorney to represent any person claiming an *in forma pauperis* status, the courts do not have the power to force an attorney to represent a person in a civil lawsuit like this one. *Mallard v. U. S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989).

1

In deciding whether to appoint counsel in a § 1983 case, the Court may base its decision on several factors, including:

1. the type and complexity of the case;

2. the petitioner's ability adequately to present and investigate his case;

3. the presence of evidence which largely consists of conflicting testimony that requires skill in presentation of evidence and in cross-examination; and

4. the likelihood that appointment of counsel will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290, 293, n.14 (5th Cir. 1992) (quoting *Cooper v. Sheriff, Lubbock Cty., Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991))).

After considering the factors above, the Court finds that Smith has not shown that his case is complex or that he is unable to adequately explain his claims to the Court. Therefore, Smith's request for appointment of counsel is DENIED without prejudice to his right to request appointment of counsel after the Court has completed screening of his case.

IT IS SO ORDERED this 16th day of November, 2020.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

2