IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BURT A. SMITH, | § | |
| Institutional ID No. 25379-380, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-00182-BU |
| | § | |
| ROLLING PLAINS DETENTION | § | |
| CENTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER FOR AUTHENTICATED RECORDS

TO:   Warden
      Rolling Plains Detention Center
      P.O. Box 847
      118 County Road 206
      Haskell, TX 79521

      Records Division
      Rolling Plains Detention Center
      P.O. Box 847
      118 County Road 206
      Haskell, TX 79521

      Federal Bureau of Prisons
      South Central Region
      US Armed Forces Reserve Complex
      344 Marine Forces Dr.
      Grand Prairie, TX 75051

Plaintiff Burt A. Smith, proceeding *pro se* and *in forma pauperis*, filed this civil rights action on September 1, 2020, complaining of alleged civil rights violations that occurred at the Rolling Plains Detention Center.  Dkt. No. 1.  Specifically, Smith alleges that officials at the Rolling Plains Detention Center denied him adequate medical care over a ten-day period between May 12, 2020 and May 21, 2020.  *Id*. at 3–6.

1

The district court transferred this action to the undersigned magistrate judge to conduct preliminary screening pursuant to the Prison Litigation Reform Act. At the preliminary screening stage, the undersigned must determine whether an action filed *in forma pauperis* is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To aid in that determination, the Court finds that authenticated records from the above listed officials are necessary to further develop the known facts in this case. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (stating that a court "may require the defendants in prisoner-rights cases to construct an administrative record to assist the court in determining whether the complaint is frivolous"). The Court may rely only on records that are adequately reliable; the records must be properly identified and authenticated. *Wilson v. Barrientos*, 926 F.2d 480, 483 (5th Cir. 1991).

Upon receipt by the Court, such records shall be maintained in chambers and reviewed solely for screening purposes. Because the materials provided sometimes contain information protected by law, records submitted in response to this order shall not be filed with the Clerk unless the Court dismisses any of Plaintiff's claims as a result of the screening process and Plaintiff appeals such dismissal. In that event, all materials received under the Court's order, e.g., documents, DVDs, thumb drives, etc., shall be made a sealed part of the record and forwarded to the Court of Appeals.

It is therefore ORDERED that the officials listed in this order shall provide the Court with **authenticated and verified** copies of any and all records pertaining to the specific allegations in Plaintiff's Complaint. An authorized custodian of the records of the respective entity must execute the attached Certification of Business Records (Certification) and attach the executed Certification

to the records provided to the Court.  The records and executed Certification must be provided to the Court on or before **April 8, 2021**.

This order does not require action from Plaintiff.  Plaintiff is admonished that filing documents in response to this order will likely delay the resolution of his claims.  The Clerk shall mail a copy of this order and Plaintiff's Complaint (Dkt. No. 1) to the above-listed addresses.

IT IS SO ORDERED this 9th day of March, 2021.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BURT A. SMITH,<br>Institutional ID No. 25379-380, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 1:20-CV-00182-BU |
| ROLLING PLAINS DETENTION<br>CENTER, *et al.*, | §<br>§<br>§<br>§ | |
| Defendants. | § | |

## CERTIFICATION OF BUSINESS RECORDS

My name is _____. I am over 18 years of age, of sound mind, capable of making this certification, and have personal knowledge of the facts herein stated:

1. I am employed as the _____ by _____. I am the authorized custodian of the records at_____, and I have authority to certify its records.

2. The records attached to this certification are true and correct copies of the original records of _____.

3. The records attached to this certification were made at or near the time of the act, event, condition, opinion, or diagnosis recorded.

4. The records attached to this certification were made by—or from information transmitted by—someone with knowledge of the act, event, condition, opinion, or diagnosis recorded.

5. It was the regular practice of _____to make the records attached to this certification, and such records are kept in the course of regularly conducted activity at this business, organization, or entity.

In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.


Executed on _____.
                    (Date)                                          _____
                                                                                        Signature


4