UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

BURT A. SMITH,
Institutional ID No. 25379-380

          Plaintiff,

v.

ROLLING PLAINS DETENTION
CENTER, *et al.*,

          Defendants.

No. 1:20-CV-00182-H

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In this civil-rights action, Plaintiff Burt A. Smith, a federal prisoner proceeding pro se and *in forma pauperis*, complains about events that occurred while he was detained at the Rolling Plains Detention Center (RPDC), which is operated by a private company, LaSalle Corrections West, L.L.C. (LaSalle). (*See* Dkt. Nos. 1, 15, 23.) Plaintiff alleges that RPDC and three LaSalle employees—Warden Bennett, Health Service Administrator Shaginaw, and Nurse King—ignored his repeated complaints about chest pain and provided him inadequate medical treatment in violation of the Eighth Amendment. (*See* Dkt. Nos. 1, 15.) Plaintiff also alleges that "Jane Doe," who is an employee of Haskell Memorial Hospital, provided Shaginaw inaccurate medical information that led to Plaintiff's misdiagnosis. (*Id.*) Plaintiff seeks to recover $150,000 from each defendant under 28 U.S.C. § 1983 and asks the Court to enter a declaratory judgment that the defendants' actions and omissions violated his constitutional rights. (*See* Dkt. No. 1, at 1, 8.)

On October 20, 2020, the Court transferred this case to the United States Magistrate Judge for further screening of Plaintiff's claims under 28 U.S.C. § 1915. (*See* Dkt. No. 11.)

The Magistrate Judge has since made factual findings, legal conclusions, and a recommendation for the disposition of this case. (*See* Dkt. No. 26.) Specifically, the Magistrate Judge recommends that that the Court dismiss Plaintiff's claims against RPDC, Bennett, Shaginaw, King, and Doe for failure to state a claim on which relief can be granted. (*Id.* at 5-12.) The Magistrate Judge further recommends that the Court dismiss Plaintiff's request for a declaratory judgment as moot because he has been transferred to another prison. (*Id.* at 13) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)). Lastly, the Magistrate Judge recommends that, to the extent that Plaintiff raises any state-law claims in this lawsuit, the Court decline to exercise supplemental jurisdiction over those claims. (*Id.*)

In response to the Magistrate Judge's report, Plaintiff filed a six-page, handwritten letter in which he asks the Clerk of Court for help in understanding the law and cites multiple cases that analyze various constitutional rights. (*See* Dkt. No. 27). He includes two internal-grievance forms that underlie his complaint and a letter from a law firm declining to represent him in this lawsuit. (*Id.*) However, Plaintiff does not object to or otherwise attempt to refute any specific factual findings or legal conclusions made by the Magistrate Judge. Nor does Plaintiff argue that the cases he cites conflict with the Magistrate Judge's report or otherwise demand a different disposition of his claims.

In light of Plaintiff's letter, the Court conducted a de novo review of the relevant portions of the record and the Magistrate Judge's report and concludes that the Magistrate Judge's findings of fact and conclusions of law are correct. To the extent that Plaintiff generally objects to the dismissal of his claims, his objection is overruled. The Court therefore accepts and adopts the findings of fact, conclusions of law, and recommendation of the Magistrate Judge.

Accordingly, the Court orders that Plaintiff's claims against RPDC, Bennett, Shaginaw, King, and Doe are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The Court further orders that Plaintiff's request for a declaratory judgment is dismissed with prejudice as moot. In addition, because Plaintiff has failed to state a federal constitutional violation, the Court concludes that Plaintiff's derivative request for the Court to enter a declaratory judgment that his federal constitutional rights have been violated necessarily fails and should likewise be dismissed for failure to state a claim on which relief may be granted.

In addition, to the extent that Plaintiff raises any state-law claims in this lawsuit, the Court declines to exercise its supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, any state-law claims that Plaintiff raises in this lawsuit are dismissed without prejudice to his right to pursue them in the appropriate state court.

Because the Court is not dismissing *all* claims raised in this lawsuit as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), this dismissal will not count as a qualifying dismissal or "strike" under 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017).

All relief not expressly granted and any pending motions are denied.

The Court will enter judgment accordingly.

So ordered.

Dated December 29, 2021.

_____
JAMES WESLEY HENDRIX
United States District Judge